

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JESSICA MILLER**
**Labor & Employment Law Division**
phone: 212-788-8285
fax: 212-788-0940
email: jemiller@law.nyc.gov

*O/M*

March 22, 2010

**BY ECF**

Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Petik v. Adams, et al.,
10 Civ. 1227 (BMC)
Our No. 2009-044571

Dear Judge Cogan:

> The request for a premotion conference is deferred as unnecessary at this time. The restraint entered by the State Court will expire by its terms on 4/1/10. See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70, 415 U.S. 423, 437, 94 S.Ct. 1113 (1974). It is incumbent upon plaintiff to seek to renew the temporary restraining order and/or move for preliminary injunctive relief if she wishes the restraint to remain in place beyond that date.
>
> SO ORDERED: 3/23/10
>
> /Signed by Judge Brian M. Cogan/
> _____
> U.S.D.J.

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for served defendants Ellen Adams, Liza Larios, Lois Florman, Queensborough Community College ("QCC"), and the City University of New York ("CUNY") (collectively "Served Defendants"), in the above-referenced action, which was recently removed from State court. Pursuant to Your Honor's Individual Rules of Practice, § III, A(2), Served Defendants write to request a pre-motion conference at which we will seek leave to move to dissolve the temporary restraining order ("TRO") issued by the State court prior to removal, which bars Served Defendants from conducting disciplinary hearings to resolve charges pending against plaintiff *pro-se*. See Rule 65(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1450. Served Defendants intend to move to dissolve the TRO on the following grounds: (1) the ten day limitation of Rule 65(b); and (2) plaintiff is not entitled to either a TRO or a preliminary injunctive relief.

The United States Supreme Court has held that a temporary restraining order will be issued if plaintiff can show that: (1) there will be irreparable harm in the absence of the TRO; and (2) legal remedies are inadequate. See Beacon Theaters v. Westover, 359 U.S. 500, 506-07 (1959). Similarly, to obtain a preliminary injunction a plaintiff must show: "(1) irreparable harm

HONORABLE BRIAN M. COGAN
United States District Judge
Fetik v. Adams, et al.,
10 Civ. 1227 (BMC)
March 22, 2010
Page 2

and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party." Lynch v. City of New York, 589 F.3d 94, 98 (2d Cir. 2009(quoting Plaza Health Labs., Inc. v. Perales, 878 F.2d 577, 580 (2d Cir. 1989) (citation omitted)). In each test, irreparable harm is a core element of the standard.

In the instant case, the State court issued a TRO on November 25, 2009, which has been continued by that Court to present. Plaintiff *pro-se* is a civil service employee in the title of Accountant at QCC, a part of CUNY. Plaintiff was served with disciplinary charges and hearings to resolve those charges were scheduled. The TRO in this case was issued *ex parte* by the Court on November 25, 2009, to prohibit those hearings, after plaintiff contended that she was psychologically unable to participate meaningfully in them. The order to show cause with TRO was returnable December 2, 2009, at which time the Court continued the TRO. The Court adjourned the matter twice, again based upon plaintiff's claims of mental incapacity, and the TRO remains in effect to date. However, the first complaint in this matter was served March 4, 2010, and this was the first time that plaintiff interposed federal claims in this case.

Following the issuance of the November, 2010, TRO, CUNY initiated a process, pursuant to New York Civil Service Law § 72, which resulted in the evaluation of plaintiff by a psychiatrist. On February 2, 2010, plaintiff was examined by Dr. Azariah Eshkenazi, who found her fit for duty. The doctor noted that plaintiff had been diagnosed with a mental disorder in April, 2009, but that she responded to treatment and was fully capable of performing the duties of her employment as a College Accountant.

Additionally, plaintiff appeared in Court on February 23, 2010, and was functioning well enough to proceed with her Court case and present her argument to the Court. Plaintiff's papers contain a representation that "[a]fter many months of therapy, medical treatment and other efforts, the Plaintiff is getting ready to return to work." Plaintiff's words and actions constitute an admission that she is quite capable of proceeding with the disciplinary process. It need only be added that mere loss of employment and income is insufficient to constitute irreparable harm, the cornerstone of the test for a TRO or preliminary injunctive relief. See Sampson v. Murray, 415 U.S. 61, 91-92 (1974). Therefore, there is no possibility of irreparable harm here and the TRO must be dissolved.

Moreover, plaintiff once again appeared in Court on March 9, 2010, and participated in the proceedings, including a trial-type hearing. Importantly, plaintiff herself conducted direct questioning of two witnesses which she decided to call and she also conducted direct examinations of Served Defendants' witnesses. Plaintiff amply demonstrated her ability to represent herself in court and is, therefore, fully capable of defending herself at the far les formal disciplinary hearing provided for in her union contract.

HONORABLE BRIAN M. COGAN
United States District Judge
Fetik v. Adams, et al.,
10 Civ. 1227 (BMC)
March 22, 2010
Page 3

Finally, there is an adequate remedy at law. Specifically, plaintiff may raise any defense to the charges in the administrative disciplinary process, where she has the opportunity to be represented by her union, and put forth a defense against her charges. In the event that plaintiff seeks to challenge the final determination of the administrative agency, plaintiff has a remedy by way of a proceeding in State court pursuant to New York Civil Practice Law and Rules, Article 78, §§ 7801, et seq.

For the foregoing reasons, it is respectfully requested that a pre-motion conference be scheduled concerning Served Defendants' proposed motion to dissolve the TRO. Due to the urgency of the relief requested, defendants are submitting this letter as soon as possible after removal.

Finally, in the interest of completeness, Served Defendants are also considering the possibility of moving to dismiss the instant complaint and have sent a letter accompanying this one in which Served Defendants seek an extension of time to respond to the complaint. In the event that Served Defendants wish to make such a motion to dismiss, Served Defendants will submit another letter requesting a pre-motion conference, in accordance with the Court's individual rules.

Respectfully submitted,

**ECF** /s

Jessica L. Miller
Assistant Corporation Counsel

Enc.

cc: Emile Fetik
(By Overnight and Regular Mail – w/enc.)